■ ELIZABETH MILLER et al., Respondents, v SEAN F. KEEGAN et al., Respondents, and JANICE TALENTO et al., Appellants. [889 NYS2d 606]—

In an action to recover damages for personal injuries, etc., the defendants Janice Talento, D.L. Peterson Trust, PHH Vehicle Management Services, LLC, and PHH Fleet America Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated March 20, 2008, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff Elizabeth Miller, a passenger in a vehicle driven by the defendant Janice Talento, allegedly sustained personal injuries as a result of a two-car accident on Jericho Turnpike in Huntington. After Talento stopped at a red light, she made a right turn from a side street into the right lane of Jericho Turnpike, and moved into the left lane, where she proceeded for approximately 100 or 200 feet before her vehicle was struck by a vehicle driven by the defendant Sean Keegan. According to Keegan, after Talento's vehicle turned onto Jericho Turnpike and moved into the left lane, another vehicle, allegedly driven by the defendant Nancy Hamilton, also made a right turn onto Jericho Turnpike, cutting him off and causing him to swerve into the left lane where he struck Talento's vehicle.

The Supreme Court erred in denying the motion of the defendants Talento, D.L. Peterson Trust, PHH Vehicle Management Services, LLC, and PHH Fleet America Corporation (hereinafter collectively the appellants) for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that Talento's conduct of making a right turn on a red light and moving into the left lane was not a proximate cause of the accident (*see Yusupov v Supreme Carrier Corp.*, 240 AD2d 660 [1997]; *DiPaolo v Buono*, 235 AD2d 386, 387 [1997]; *Moller v Lieber*, 156 AD2d 434, 435 [1989]). On this record, Talento acted reasonably under the circumstances in maintaining her speed and trying to hold her lane, rather than stopping suddenly (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *Vitale v Levine*, 44 AD3d 935, 936 [2007]; *Gajjar v Shah*, 31 AD3d 377, 377-378 [2006]; *Alexiou v Ales*, 283 AD2d 380, 381 [2001]; *see also Wilson v Certain Cab Corp.*, 303 AD2d 252, 253

[2003]). In opposition, the respondents failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Vitale v Levine,* 44 AD3d at 936).

The respondents' remaining contentions are not properly before this Court. Dillon, J.P., Florio, Belen and Roman, JJ., concur. [*See* 2008 NY Slip Op 30897(U).]