■ CHRISTA MILOSCIA et al., Appellants, v NEW YORK CITY BOARD OF EDUCATION et al., Respondents. [896 NYS2d 109]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated February 10, 2009, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the infant plaintiff Christa Miloscia, an infant under the age of 14 years, by her father and natural guardian, Joseph Miloscia.

Ordered that the appeal by Joseph Miloscia, individually, is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Christa Miloscia, an infant under the age of 14 years, by her father and natural guardian, Joseph Miloscia; and it is further,

Ordered that are bill of costs is awarded to the defendants.

It is undisputed that the infant plaintiff, Christa Miloscia, who was six years old at the time of the accident, fractured her wrist when the school bus on which she was traveling stopped short in order to avoid colliding with a car that had suddenly cut in front of the bus. The defendants moved for summary judgment dismissing the complaint on the ground that the bus driver acted reasonably in an emergency situation not of his own making.

Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). "Although the existence of an emergency and the reasonableness of a party's response to it will ordinarily present questions of fact, they may in appropriate circumstances be determined as a matter of law" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004] [citation omitted]; *see Koenig v Lee*, 53 AD3d 567 [2008]; *Makagon v Toyota Motor Credit Corp.*, 23 AD3d 443, 444 [2005]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the actions of the bus driver in braking abruptly to avoid a collision with a car that had suddenly pulled out in front of him were reasonably prudent in an emergency situation not of his own making (*see Bello v Transit Auth. of N.Y. City*, 12 AD3d at 60-61; *Brooks v New York City Tr. Auth.*, 19 AD3d 162 [2005]; *Drakes v New York City Tr. Auth.*, 11 AD3d 580 [2004]; *Roviello v Schoolman Transp. Sys., Inc.*, 10 AD3d 356, 356-357 [2004]; *Hotkins v New York City Tr. Auth.*, 7 AD3d 474 [2004]). In opposition, the infant plaintiff's speculative and conclusory assertions failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Vitale v Levine*, 44 AD3d 935, 936 [2007]).

The infant plaintiff's remaining contention, that the defendants should have been precluded from raising the emergency doctrine because it was not pleaded as an affirmative defense, is not properly before this Court (*see Miller v Keegan*, 67 AD3d

754 [2009]; *Adsit v Quantum Chem. Corp.*, 199 AD2d 899, 900 [1993]). Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.