■ WILNIE EVANS et al., Appellants, v SUSAN A. BOSL et al., Respondents, et al., Defendants. [905 NYS2d 254]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated April 27, 2009, as granted that branch of the motion of the defendants Susan A. Bosl and George J. Bosl which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 9, 2006, the injured plaintiff (hereinafter the plaintiff) was a passenger in a taxicab stopped at a traffic light in the center westbound lane of the north service road of the Long Island Expressway at its intersection with Motor Parkway. The defendant Susan A. Bosl (hereinafter Bosl) was operating a vehicle in the left westbound lane and also was stopped at the light. When the traffic signal turned green, the driver of the taxicab, the defendant Jorge Lopez, attempted a left turn and crossed into the path of Bosl's vehicle, which was not turning,

and the two cars collided, allegedly causing injuries to the plaintiff. Bosl did not see the taxicab cross into her lane until just before her vehicle collided with it. The evidence established that Bosl slammed on the brakes or attempted to move to the center lane. After discovery was completed, Bosl and her husband, the co-owner of the vehicle (hereinafter together the Bosl defendants), moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the motion, finding that Lopez's attempt to turn left from the center lane, in violation of Vehicle and Traffic Law § 1160 (d), was the sole proximate cause of the accident, and that, under the emergency doctrine, the Bosl defendants could not be held liable. We affirm.

"[T]he emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]; *see Miloscia v New York City Bd. of Educ.*, 70 AD3d 904, 905 [2010]; *Vitale v Levine*, 44 AD3d 935, 936 [2007]). Here, the Bosls established their prima facie entitlement to summary judgment by submitting evidence that established that Bosl was confronted with a sudden and unexpected circumstance not of her own making and that, under the circumstances, her actions were reasonable and prudent in the context of that emergency. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Miloscia v New York City Bd. of Educ.*, 70 AD3d at 905; *Vitale v Levine*, 44 AD3d at 936). Fisher, J.P., Lott, Austin and Sgroi, JJ., concur.