■ REYNALDO GONZALEZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [911 NYS2d 653]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 2, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Miloscia v New York City Bd. of Educ.*, 70 AD3d 904 [2010]). "Although the existence of an emergency and the reasonableness of a party's response to it will ordinarily present questions of fact, they may in appropriate circumstances be determined as a matter of law" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004] [citations omitted]; *see Miloscia v New York City Bd. of Educ.*, 70 AD3d at 905).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the actions of the defendant-driver in braking abruptly to avoid a collision with a bicyclist who had suddenly pulled out in front of her were reasonably prudent in an emergency situation not of

her own making (*see Miloscia v New York City Bd. of Educ.*, 70 AD3d at 905). In opposition, the plaintiff's speculative and conclusory assertions failed to raise a triable issue of fact.

The plaintiff's remaining contentions have been rendered academic in light of our determination. Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.