CARMEN R. VILLAR, Appellant, v MTA BUS COMPANY et al., Respondents. [914 NYS2d 314]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), entered March 26, 2010, which granted

the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While the plaintiff was a passenger on an M15 express bus in Queens, she allegedly sustained injuries when she was thrown into the seat in front of her after the bus stopped suddenly to avoid a collision with a car which had cut into its lane. The bus was owned by the defendant MTA Bus Company and operated by the defendant Tze M. Cheng.

Pursuant to the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Evans v Bosl*, 75 AD3d 491, 492 [2010]; *Miloscia v New York City Bd. of Educ.*, 70 AD3d 904, 905 [2010]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that Tze M. Cheng was confronted with a sudden and unexpected circumstance not of his own making and that, under the circumstances, his actions were reasonable and prudent in response to the emergency (*see Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60-61 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Evans v Bosl*, 75 AD3d at 492; *Miloscia v New York City Bd. of Educ.*, 70 AD3d at 905). Mastro, J.P., Rivera, Austin and Roman, JJ., concur.