■ Diane Crawford-Dunk, Respondent, v MV Transportation, Inc., et al., Appellants, and Leo Lazurus, Respondent. [920 NYS2d 672]—

In an action to recover damages for personal injuries, the defendants MV Transportation, Inc., and Maurice M. Pugh appeal

from an order of the Supreme Court, Kings County (Solomon, J.), dated March 18, 2010, which denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

"Under the emergency doctrine, when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Tsai v Zong-Ling Duh*, 79 AD3d 1020, 1021 [2010]; *see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *Koenig v Lee*, 53 AD3d 567, 567 [2008]; *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]). The existence of an emergency and the reasonableness of an actor's response to it will ordinarily present questions of fact (*see Tsai v Zong-Ling Duh*, 79 AD3d at 1021; *Koenig v Lee*, 53 AD3d at 567; *Bello v Transit Auth. of N.Y. City*, 12 AD3d at 60).

Here, the defendants MV Transportation, Inc., and Maurice M. Pugh (hereinafter together the appellants) failed to establish their prima facie entitlement to judgment as a matter of law, and, accordingly, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In support of that branch of their motion, the appellants failed to eliminate all triable issues of fact as to whether Pugh was faced with an emergency situation not of his own making and, if so, whether his actions were reasonable and prudent in that context (*see Takle v New York City Tr. Auth.*, 14 AD3d 608 [2005]; *Gildersleeve v Leo*, 274 AD2d 547 [2000]; *Raposo v Raposo*, 250 AD2d 420 [1998]). Since the appellants failed to meet their initial burden, it is not necessary to review the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.