BERNADETTE WILLIAMS et al., Respondents, v CITY OF NEW YORK, Respondent, and METROPOLITAN TRANSIT AUTHORITY et al., Appellants. [931 NYS2d 656]—

The plaintiff Bernadette Williams allegedly was injured when

the bus in which she was a passenger drove over a dip or sink hole in the left lane of the roadway, raising her into the air, then back down to her seat. The defendants Metropolitan Transit Authority and MTA Bus Company (hereinafter together the MTA) moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion and the MTA appeals. We affirm.

"Under the emergency doctrine, 'when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context' " (*Miloscia v New York City Bd. of Educ.*, 70 AD3d 904, 905 [2010], quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). "This is not to say that an emergency automatically absolves one from liability for his [or her] conduct. The standard then still remains that of a reasonable [person] under the given circumstances, except that the circumstances have changed" (*Ferrer v Harris*, 55 NY2d 285, 293 [1982]; *see Pawlukiewicz v Boisson*, 275 AD2d 446, 447 [2000]). Both the existence of an emergency and the reasonableness of a party's response thereto will ordinarily present questions of fact (*see Crawford-Dunk v MV Transp., Inc.*, 83 AD3d 764 [2011]).

Here, the MTA failed to establish its prima facie entitlement to judgment as a matter of law. The evidence submitted reveals the existence of triable issues of fact as to whether the driver's action in moving into the left lane was in response to an emergency situation, and whether his actions were reasonable and prudent under the circumstances (*see Crawford-Dunk v MV Transp., Inc.*, 83 AD3d 764 [2011]; *Schlanger v Doe*, 53 AD3d 827 [2008]; *Ortiz v Globe Ground N. Am.*, 36 AD3d 872 [2007]; *Rabassa v Caldas*, 306 AD2d 137 [2003]; *Pawlukiewicz v Boisson*, 275 AD2d 446 [2000]). Moreover, the evidence failed to eliminate all triable issues of fact as to whether any negligence on the part of the driver was a proximate cause of the accident (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

The MTA's remaining contention is without merit.

Accordingly, the MTA's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it was properly denied (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.