■ MAXINE DAVIS, Respondent, v METROPOLITAN TRANSIT AUTHORITY, Defendant, and MTA BUS COMPANY, Appellant. [938 NYS2d 616]—

The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant MTA Bus Company (hereinafter the defendant) on the ground that it was not at fault in the happening of the subject accident.

" '[T]he emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency' " (*Evans v Bosl*, 75 AD3d 491, 492 [2010], quoting *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]; *see Miloscia v New York City Bd. of Educ.*, 70 AD3d 904, 905 [2010]; *Vitale v Levine*, 44 AD3d 935,

936 [2007]). Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact for purposes of application of the emergency doctrine (*see Lonergan v Almo*, 74 AD3d 902, 903 [2010]; *Khan v Canfora*, 60 AD3d 635, 636 [2009]), those issues may in appropriate circumstances be determined as a matter of law (*see Tsai v Zong-Ling Duh*, 79 AD3d 1020, 1021 [2010]).

In support of the motion for summary judgment, the defendant relied on the plaintiff's General Municipal Law § 50-h hearing testimony, her deposition testimony, and the deposition testimony of Donnell Robinson, an employee of the defendant who was the operator of the bus the plaintiff was a passenger on when the accident occurred. Those submissions established the defendant's prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that Robinson was confronted with a sudden and unexpected circumstance not of his own making and that, under the circumstances, his actions were reasonable and prudent in the context of that emergency.

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's assertion that there was a triable issue of fact as to the application of the emergency doctrine in this case because the bus was speeding just prior to the accident was speculative (*see Gallagher v McCurty*, 85 AD3d 1109, 1110 [2011]; *Thompson v Schmitt*, 74 AD3d 789, 790 [2010]; *Yelder v Walters*, 64 AD3d 762, 765 [2009]; *Batts v Page*, 51 AD3d 833, 834 [2008]; *Sheppeard v Murci*, 306 AD2d 268, 268 [2003]; *Wolf v We Transp.*, 274 AD2d 514 [2000]).

The parties' remaining contentions either are without merit or have been rendered academic. Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.