*813 “Under the emergency doctrine, ‘when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context’ ” (Miloscia v New York City Bd. of Educ., 70 AD3d 904, 905 [2010], quoting Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]; see Williams v City of New York, 88 AD3d 989 [2011]). “This is not to say that an emergency automatically absolves one from liability for his [or her] conduct. The standard then still remains that of a reasonable [person] under the given circumstances, except that the circumstances have changed” (Ferrer v Harris, 55 NY2d 285, 293 [1982]; see Pawlukiewicz v Boisson, 275 AD2d 446, 447 [2000]). “Both the existence of an emergency and the reasonableness of a party’s response thereto will ordinarily present questions of fact” (Williams v City of New York, 88 AD3d at 990; see Crawford-Dunk v MV Transp., Inc., 83 AD3d 764 [2011] ).
*814 Although the defendant Roseanne Hendrickson established that she was confronted with an emergency situation when the tire of the vehicle she was driving suddenly blew out, she failed to meet her prima facie burden of establishing that her subsequent actions were reasonable as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). Accordingly, that branch of her motion which was for summary judgment dismissing the cross claims asserted against her by the defendant Cooper Tire and Rubber Company (hereinafter Cooper Tire) should have been denied. In light of this determination, we need not examine the sufficiency of the papers submitted in opposition to her motion (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Cooper Tire’s remaining contention is not properly before this Court. Dillon, J.P., Lott, Roman and Cohen, JJ., concur.