In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated October 3, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly sustained injuries when she was thrown to the floor after the bus in which she was riding stopped short to avoid a collision with a vehicle that, without signaling, had suddenly cut in front of it to make a left turn.
The “emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency” (Bello v Transit Auth. of N.Y. City, 12 AD3d 58, 60 [2004]; see Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]; Parastatidis v Holbrook Rental Ctr., Inc., 95 AD3d 975 [2012]; Davis v Metropolitan Tr. Auth., 92 AD3d 825 [2012]; Williams v City of New York, 88 AD3d 989 [2011]; Villar v MTA Bus Co., 80 AD3d 602 [2011]; Miloscia v New York City Bd. of Educ., 70 AD3d 904, 905 [2010]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the defendant bus driver was confronted with a sudden and unexpected circumstance not of her own making and that, under the circumstances, her actions were reasonable and prudent in response to the emergency (see Villar v MTA Bus Co., 80 AD3d 602 [2011]; Miloscia v New York City Bd. of Educ., 70 AD3d 904 [2010]). In opposition, the plaintiff’s speculative and conclusory assertions failed to raise a triable issue of fact (see Miloscia v New York City Bd. of Educ., 70 AD3d at 905).
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Skelos, J.E, Hall, Lott and Hinds-Radix, JJ., concur.