*582 In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered April 11, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
While riding as a passenger on an a bus owned by the defendant MTA Bus Company (hereinafter the MTA), the plaintiff allegedly sustained injuries when she was jerked forward as the bus swerved to avoid a collision with a vehicle which, without signaling, suddenly had cut in front of the bus from the left. The plaintiff commenced this action against the MTA and the driver of the bus, alleging that the driver was negligent in the operation of the bus. After discovery, the defendants moved for summary judgment on the basis that, since the bus driver’s actions were precipitated by an emergency, the defendants were not liable for the plaintiff’s injuries. The Supreme Court granted the motion.
Under the emergency doctrine, “ Those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternate courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency’ ” (Tarnavska v Manhattan & Bronx Surface Tr. Operating Auth., 106 AD3d 1079, 1079 [2013], quoting Bello v Transit Auth. of N.Y. City, 12 AD3d 58, 60 [2004]; see Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]; Parastatidis v Holbrook Rental Ctr., Inc., 95 AD3d 975 [2012]; Davis v Metropolitan Tr. Auth., 92 AD3d 825 [2012]; Williams v City of New York, 88 AD3d 989 [2011]; Villar v MTA Bus Co., 80 AD3d 602 [2011]; Miloscia v New York City Bd. of Educ., 70 AD3d 904, 905 [2010]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the bus driver was confronted with a sudden and unexpected circumstance not of his own making and that, under the circumstances, his actions were reasonable and prudent in response to the emergency (see Marri v New York City Tr. Auth., 106 AD3d 699, 700 [2013]; Villar v MTA Bus Co., 80 AD3d at 603; Alvarado v New York City Tr. Auth., 106 AD3d 845, 846 [2013]; Miloscia v New York City Bd. of Educ., 70 AD3d at 905; Hotkins v New York City Tr. Auth., 7 AD3d 474, 475 *583 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (see Tarnavska v Manhattan & Bronx Surface Tr. Operating Auth., 106 AD3d at 1079; Miloscia v New York City Bd. of Educ., 70 AD3d at 905).
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Rivera, J.E, Skelos, Chambers and Hall, JJ., concur.