■ Marlon O. Levy, Appellant, v Braman Motorcars, Defendant, and Dennis C. Newby, Respondent. [990 NYS2d 45]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), dated December 7, 2012, which granted the

motion of the defendant Dennis C. Newby for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Dennis C. Newby for summary judgment dismissing the complaint insofar as asserted against him is denied.

On December 2, 2009, the plaintiff was a passenger in a vehicle operated by the defendant Dennis C. Newby. While the plaintiff and Newby were traveling in the right lane on a highway in Greensboro, Georgia, a truck on their left swerved towards Newby's vehicle. Newby swerved his vehicle to the right and drove off the highway. Newby's vehicle flipped numerous times and stopped when it struck a tree. The plaintiff commenced this action to recover damages for personal injuries against Newby, among others. After issue was joined, Newby moved for summary judgment dismissing the complaint insofar as asserted against him, relying, inter alia, on the emergency doctrine. The Supreme Court granted the motion.

The common-law emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context, provided the actor has not created the emergency" (*Lifson v City of Syracuse*, 17 NY3d 492, 497 [2011], quoting *Caristo v Sanzone*, 96 NY2d 172, 174 [2001]). "This is not to say that an emergency automatically absolves one from liability for his conduct. The standard then still remains that of a reasonable [person] under the given circumstances, except that the circumstances have changed" (*Ferrer v Harris*, 55 NY2d 285, 293 [1982]; *see Hendrickson v Philbor Motors, Inc.*, 101 AD3d 812, 813 [2012]; *Williams v City of New York*, 88 AD3d 989, 990 [2011]). "Both the existence of an emergency and the reasonableness of a party's response thereto will ordinarily present questions of fact" (*Williams v City of New York*, 88 AD3d at 990; *see Hendrickson v Philbor Motors, Inc.*, 101 AD3d at 813).

Here, Newby failed to establish his prima facie entitlement to judgment as a matter of law. The evidence that he submitted revealed the existence of triable issues of fact as to whether his conduct was reasonable and prudent under the circumstances (*see Williams v City of New York*, 88 AD3d at 990; *Hendrickson v Philbor Motors, Inc.*, 101 AD3d at 813). Moreover, the evidence failed to eliminate all triable issues of fact as to whether

negligence, if any, on Newby's part was a proximate cause of the accident (*see Williams v City of New York*, 88 AD3d at 990).

Accordingly, the Supreme Court should have denied Newby's motion for summary judgment dismissing the complaint insofar as asserted against him.

In light of our determination, we need not reach the plaintiff's remaining contentions. Mastro, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.