■ KELSEY MOHR, Respondent, v NEAL M. CARLSON, Appellant, et al., Defendants. [992 NYS2d 321]—

In an action to recover damages for personal injuries, the defendant Neal M. Carlson appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated June 28, 2013, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

On November 11, 2010, at approximately 7:15 p.m., the plaintiff was riding her bicycle northbound on Columbia Street, a two-way street in Brooklyn, when the defendant Henry Jovanovic opened the door of the car he was operating, striking the plaintiff. That vehicle had been parked on Columbia Street in the lane for parking, which was to the right of the lane for traffic. When she was struck by the opening door, the plaintiff and her bicycle fell toward her left and onto the ground in the lane for traffic traveling northbound on Columbia Street. As the plaintiff was lying on the ground, her right foot and her bicycle were allegedly run over by a vehicle operated by the defendant Neal M. Carlson. There was no separate lane for bicycle traffic on Columbia Street.

Carlson moved for summary judgment dismissing the complaint insofar as asserted against him on the basis that he had been presented with an emergency situation and acted as a reasonably prudent person would have under the circumstances. The Supreme Court denied the motion. We affirm.

"The emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency" (*Tarnavska v Manhattan & Bronx Surface Tr. Operating Auth.*, 106 AD3d 1079, 1079 [2013] [internal quotation marks omitted]; *see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *Pavane v Marte*, 109 AD3d 970, 971 [2013]; *Hendrickson v Philbor Motors, Inc.*, 101 AD3d 812, 813 [2012]). " 'This is not to say that an emergency automatically absolves one from liability for his [or her] conduct. The standard then still remains that of a reasonable [person] under the given circumstances, except that the circumstances have changed' " (*Marks v Robb*, 90 AD3d 863, 864 [2011], quoting *Ferrer v Harris*, 55 NY2d 285, 293 [1982]). "Both the existence of an emergency and the reasonableness of a party's response thereto will ordinarily pre-

sent questions of fact" (*Pavane v Marte*, 109 AD3d at 971 [internal quotation marks omitted]; *see Hendrickson v Philbor Motors, Inc.*, 101 AD3d at 813; *Williams v City of New York*, 88 AD3d 989, 990 [2011]; *Crawford-Dunk v MV Transp., Inc.*, 83 AD3d 764 [2011]).

Here, Carlson failed to make a prima facie showing of his entitlement to judgment as a matter of law. The evidence submitted in support of his motion consisted, inter alia, of excerpts of the deposition testimony of Carlson and the plaintiff. The plaintiff testified that Carlson's vehicle ran over her right foot and the back wheel of her bicycle two to three seconds after she had fallen to the ground, while Carlson testified that only approximately one second had elapsed from the time that there was contact between the door of the parked car and the bicyclist, to the time that there was contact between his vehicle and the bicycle. This evidence was insufficient to eliminate all triable issues of fact as to whether Carlson was negligent in failing to exercise due care to avoid the collision with the plaintiff (*see* Vehicle and Traffic Law § 1146 [a]; *Bonilla v Calabria*, 80 AD3d 720 [2011]; *see also Brenner v Dixon*, 98 AD3d 1246, 1248 [2012]). Moreover, contrary to Carlson's contention, he failed to demonstrate that he was entitled to judgment as a matter of law pursuant to the emergency doctrine, given the existence of triable issues of fact as to whether his actions were reasonable and prudent under the circumstances (*see Williams v City of New York*, 88 AD3d at 990).

In light of Carlson's failure to meet his prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied Carlson's motion for summary judgment dismissing the complaint insofar as asserted against him. Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.