■ EUGENE ENG, Respondent, v MTA BUS COMPANY et al., Respondents, and AISHA LAUREEN JOSEPH, Appellant. [1 NYS3d 374]—

In an action to recover damages for personal injuries, the defendant Aisha Laureen Joseph appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated October 29, 2013, as granted that branch of the motion of the defendants MTA Bus Company and Dinesh Seedath which was for summary judgment dismissing all cross claims asserted against them, (2) from an order of the same court dated February 24, 2014, which, upon granting the plaintiff's motion for leave to reargue his opposition to that branch of the motion of the defendants MTA Bus Company and Dinesh Seedath which was for summary judgment dismissing the complaint insofar as asserted against them, in effect, adhered to so much of the determination in the order dated October 29, 2013, as granted that branch of the motion, and (3) from an order of the same court dated March 5, 2014, which, in

effect, upon granting her motion for leave to reargue her opposition to that branch of the motion of the defendants MTA Bus Company and Dinesh Seedath which was for summary judgment dismissing all cross claims asserted against them, adhered to so much of the determination in the order dated October 29, 2013, as granted that branch of the motion.

Ordered that the appeal from so much of the order dated October 29, 2013, as granted that branch of the motion of the defendants MTA Bus Company and Dinesh Seedath which was for summary judgment dismissing all cross claims asserted against them is dismissed, as that portion of the order was superseded by the order dated March 5, 2014, made upon reargument; and it is further,

Ordered that the appeal from the order dated February 24, 2014, is dismissed, as the appellant is not aggrieved thereby (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the order dated March 5, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants MTA Bus Company and Dinesh Seedath.

The plaintiff allegedly sustained personal injuries while riding on a bus owned by the defendant MTA Bus Company and operated by the defendant Dinesh Seedath. The plaintiff alleged that he fell when the bus, which was traveling in the right lane, came to a sudden stop to avoid colliding with a vehicle driven by the defendant Aisha Laureen Joseph (hereinafter the appellant). The plaintiff commenced this action against the MTA Bus Company and Seedath (hereinafter together the MTA defendants), as well as the appellant, to recover damages for personal injuries. In her answer, the appellant asserted cross claims against the MTA defendants for contribution and/or indemnification. In their answer, the MTA defendants raised the emergency doctrine as an affirmative defense. The MTA defendants then moved for summary judgment dismissing the complaint and all cross claims asserted against them, contending that Seedath was faced with an emergency situation not of his own making when the appellant's vehicle, which was traveling in the center lane, made a right-hand turn in front of the bus to enter a gas station, and that Seedath acted reasonably under the circumstances. In an order dated October 29, 2013, the Supreme Court granted the MTA defendants' motion in its entirety, stating that although the emergency doctrine did not apply, the plaintiff failed to "provide proof that the nature of the incident was unusual or violent or [of] such a character as to be distinct

from the usual and ordinary . . . types of jerks and jolts commonly associated with city bus travel."

Both the plaintiff and the appellant moved for leave to reargue their opposition to the MTA defendants' motion, contending, inter alia, that in moving for summary judgment, the MTA defendants did not raise the issue of whether the alleged sudden stop of the bus was unusual or violent. In an order dated February 24, 2014, the Supreme Court granted the plaintiff's motion and, upon reargument, in effect, adhered to so much of its determination in the order dated October 29, 2013, as granted that branch of the MTA defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. In doing so, the Supreme Court stated, inter alia, that Seedath "encountered an emergency situation absolving [the MTA defendants] of any liability in this matter." In an order dated March 5, 2015, the Supreme Court, in effect, granted the appellant leave to reargue and, upon reargument, adhered to so much of its determination in the order dated October 29, 2013, as granted that branch of the MTA defendants' motion which was for summary judgment dismissing all cross claims asserted against them.

The Supreme Court, in effect, upon reargument of the appellant's opposition, properly adhered to so much of its prior determination in the order dated October 29, 2013, as granted that branch of the MTA defendants' motion on the ground that, under the emergency doctrine, the MTA defendants could not be held liable for the plaintiff's injuries. The evidence submitted by the MTA defendants, including the deposition testimony of the parties, established, prima facie, that Seedath was confronted with a sudden and unexpected emergency not of his own making and that, under the circumstances, his actions in response to the emergency were reasonable and prudent (*see Kong v MTA Bus Co.*, 112 AD3d 581 [2013]; *Tarnavska v Manhattan & Bronx Surface Tr. Operating Auth.*, 106 AD3d 1079 [2013]; *Marri v New York City Tr. Auth.*, 106 AD3d 699 [2013]; *Villar v MTA Bus Co.*, 80 AD3d 602 [2011]; *Miloscia v New York City Bd. of Educ.*, 70 AD3d 904 [2010]). In opposition, the appellant failed raise a triable issue of fact. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.