Welch v Suffolk Coach, Inc. (2018 NY Slip Op 04772)





Welch v Suffolk Coach, Inc.


2018 NY Slip Op 04772


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-02515
 (Index No. 7960/13)

[*1]John Welch, plaintiff-respondent, 
v
Suffolk Coach, Inc., et al., defendants-respondents, Chris J. Ferro, appellant.


Picciano & Scahill, P.C., Westbury, NY (Francis J. Scahill and Andrea E. Ferrucci of counsel), for appellant.
Sackstein Sackstein & Lee, LLP, Garden City, NY (Michael M. Szechter of counsel),
for plaintiff-respondent.
Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick, Dennis J. Brady, and Robert W. Berbenich of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Chris J. Ferro appeals from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated January 21, 2016. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
At approximately 2:30 p.m. on November 13, 2012, the plaintiff was riding his bicycle northbound on Commack Road in Deer Park when his bicycle was struck by a taxi owned by the defendant Suffolk Coach, Inc., and operated by the defendant David Marcus, now deceased. Following the initial impact, the plaintiff was struck by another northbound vehicle owned and operated by the defendant Chris J. Ferro. The plaintiff commenced this action against Suffolk Coach, Inc., Marcus, and Ferro to recover damages for personal injuries. After discovery and the filing of the note of issue, Ferro moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that, under the emergency doctrine, he could not be liable for the plaintiff's injuries. The Supreme Court denied the motion, and Ferro appeals. By decision and order on application of this Court dated December 29, 2017, Janice Marcus, as administrator of the estate of David Marcus, was substituted for the deceased defendant David Marcus, and the caption was [*2]amended accordingly.
A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (see Hurst v Belomme, 142 AD3d 642, 642; Boulos v Lerner-Harrington, 124 AD3d 709; Rungoo v Leary, 110 AD3d 781, 782). There can be more than one proximate cause of an accident (see Hurst v Belomme, 142 AD3d at 642; Lukyanovich v H.L. Gen. Contrs., Inc., 141 AD3d 693; Cox v Nunez, 23 AD3d 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974). Pursuant to the emergency doctrine, a driver faced with a sudden and unexpected circumstance, not of the driver's own making, that leaves little or no time for reflection or causes that driver to be reasonably so disturbed as to compel a quick decision without weighing alternative courses of conduct, may not be negligent if the actions taken are reasonable and prudent in the context of the emergency (see Caristo v Sanzone, 96 NY2d 172, 174; Rivera v New York City Tr. Auth., 77 NY2d 322, 327; Mohr v Carlson, 120 AD3d 1206, 1207; Pavane v Marte, 109 AD3d 970, 971; Tarnavska v Manhattan & Bronx Surface Tr. Operating Auth., 106 AD3d 1079, 1079; Hendrickson v Philbor Motors, Inc., 101 AD3d 812, 813). Questions regarding the existence of an emergency and the reasonableness of the response to it will ordinarily present questions to be resolved by the trier of fact (see Pavane v Marte, 109 AD3d at 971; see also Hendrickson v Philbor Motors, Inc., 101 AD3d at 813; Williams v City of New York, 88 AD3d 989, 990; Crawford-Dunk v MV Transp., Inc., 83 AD3d 764; Bello v Transit Auth. of N.Y. City, 12 AD3d 58, 60; Davey v Ohler, 188 AD2d 726, 727).
The evidence submitted by Ferro in support of his motion for summary judgment dismissing the complaint insofar as asserted against him established that he was faced with an emergency not of his own making, leaving him with only seconds to react and virtually no opportunity to avoid a collision with the plaintiff (see Kenney v County of Nassau, 93 AD3d 694, 696; Smit v Phillips, 74 AD3d 782, 783; see also Wade v Knight Transp., Inc., 151 AD3d 1107, 1110). However, in opposition, the plaintiff raised triable issues of fact as to whether Ferro's actions were reasonable and prudent under the circumstances, especially given the conflicting statements presented in opposition as to how the subject accident occurred, and whether Ferro contributed to the emergency situation by following the taxi too closely.
Accordingly, we agree with the Supreme Court's determination to deny Ferro's motion for summary judgment dismissing the complaint insofar as asserted against him.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court