Aiken v Liotta (2018 NY Slip Op 08620)





Aiken v Liotta


2018 NY Slip Op 08620


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-00784
 (Index No. 14333/11)

[*1]Thomas J. Aiken, et al., respondents,
v Patrick Liotta, appellant (and a third-party action).


Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellant.
William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for respondent Thomas J. Aiken.
Subin Associates, LLP, New York, NY (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Robert J. Eisen], of counsel), for respondent Rosemary Wiltshire.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), entered December 8, 2015. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint and granted that branch of the motion of the plaintiff Rosemary Wiltshire which was to vacate an unconditional order of preclusion of the same court (Martin Schneier, J.) dated October 28, 2014.
ORDERED that the order entered December 8, 2015, is affirmed insofar as appealed from, with one bill of costs.
This action arises from a motor vehicle accident that occurred on November 12, 2010, when the defendant's vehicle struck a vehicle driven by the plaintiff Thomas J. Aiken, in which the plaintiff Rosemary Wiltshire was sitting in the front passenger seat. Thereafter, the plaintiffs commenced separate actions against the defendant, which were later consolidated, to recover damages for personal injuries allegedly sustained in the accident.
The defendant moved for summary judgment dismissing the complaint on the ground that, under the emergency doctrine, he could not be liable for the plaintiffs' alleged injuries, and on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The defendant's motion also sought dismissal of the complaint insofar as asserted by Wiltshire based upon her alleged failure to comply with a prior unconditional order of preclusion. The Supreme Court denied the defendant's motion in its entirety, and granted a separate motion by Wiltshire to vacate the unconditional order of preclusion. The defendant appeals.
"The emergency doctrine acknowledges that when an actor is confronted with a sudden and unanticipated situation which leaves little or no time for deliberation and requires him [*2]to make a speedy decision without weighing alternative courses of conduct, the actor may not be liable for negligence if the actions taken are reasonable and prudent when evaluated in the context of the emergency conditions" (Wu Kai Ming v Grossman, 133 AD3d 742, 742; see Rivera v New York City Tr. Auth., 77 NY2d 322, 327; Amaro v City of New York, 40 NY2d 30, 36; Marri v New York City Tr. Auth., 106 AD3d 699, 700). This is not to say that an emergency automatically absolves one from liability for his or her conduct. "Both the existence of an emergency and the reasonableness of a party's response thereto will ordinarily present questions of fact" (Pavane v Marte, 109 AD3d 970, 971 [internal quotation marks omitted]; see Hendrickson v Philbor Motors, Inc., 101 AD3d 812, 813; Williams v City of New York, 88 AD3d 989, 990; Crawford—Dunk v MV Transp., Inc., 83 AD3d 764). Here, the defendant failed to establish his prima facie entitlement to judgment as a matter of law. The evidence that he submitted revealed the existence of triable issues of fact as to whether his conduct was reasonable and prudent under the circumstances (see Levy v Braman Motorcars, 119 AD3d 530, 531; Hendrickson v Philbor Motors, Inc., 101 AD3d at 813; Williams v City of New York, 88 AD3d at 990). Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's motion which was for summary judgment dismissing the complaint pursuant to the emergency doctrine, regardless of the sufficiency of the plaintiffs' opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant also failed to meet his prima facie burden of showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendant failed to eliminate triable issues of fact regarding the plaintiffs' respective contentions, set forth in their bills of particulars, that they sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Alperin v Herwerth,162 AD3d 832, 833; Rouach v Betts, 71 AD3d 977), as well as Wiltshire's contentions that she sustained serious injuries to her left knee and right shoulder under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102(d) (see Hughes v Cai, 31 AD3d 385-386). Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the papers submitted in opposition were sufficient to raise a triable issue of fact (see Alperin v Herwerth, 162 AD3d at 833; Rouach v Betts, 71 AD3d at 977-978).
The defendant's remaining contention is without merit.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court