Bailey v Penndot Ean Holdings, LLC (2019 NY Slip Op 05951)





Bailey v Penndot Ean Holdings, LLC


2019 NY Slip Op 05951


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-12889
 (Index No. 500152/18)

[*1]Shareen S. Bailey, plaintiff-respondent, 
v
Penndot Ean Holdings, LLC, et al., defendants-respondents, Elvin D. Portillo, et al., appellants.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for appellants K & D Vending Co., Inc., and John Albert Vuzzo.
James G. Bilello (Russo & Tambasco, Melville, NY [Yamile Al-Sullami], of counsel), for appellant Elvin D. Portillo.
James Lo, Esq., P.C. (Alexander J. Wulwick, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants K & D Vending Co., Inc., and John Albert Vuzzo, and the defendant Elvin D. Portillo separately appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated September 28, 2018. The order denied those defendants' separate motions for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
On December 13, 2017, the plaintiff was a passenger in a vehicle operated by the defendant Vancito Edwards and owned by the defendant Penndot Ean Holdings, LLC. While traveling westbound on the Brooklyn-Queens Expressway, that vehicle allegedly swerved and struck a guardrail, causing it to "spin back" into the flow of traffic where it collided with a vehicle owned and operated by the defendant Elvin D. Portillo. Following the initial impact between these two vehicles, a vehicle operated by the defendant John Albert Vuzzo and owned by the defendant K & D Vending Co., Inc. (hereinafter together the K & D defendants), made contact with Portillo's vehicle and/or Edwards' vehicle.
The plaintiff commenced this action to recover damages for personal injuries. Prior to the completion of discovery, the K & D defendants and Portillo separately moved for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against each of them on the basis of the emergency doctrine. The Supreme Court denied both motions, and the K & D defendants and Portillo separately appeal.
The K & D defendants and Portillo each failed to establish their prima facie entitlement to judgment as a matter of law, since their own submissions failed to eliminate triable [*2]issues of fact as to whether the emergency doctrine applied and, if so, whether Vuzzo or Portillo, separately, acted reasonably under the circumstances of the alleged emergency (see D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 650; Crawford-Dunk v MV Transp., Inc., 83 AD3d 764, 765; see also Mohr v Carlson, 120 AD3d 1206, 1208).
The remaining contentions of the K & D defendants and Portillo are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the separate motions of the K & D defendants and Portillo for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against each of them, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court