Liang-Ying Ren v Doe (2019 NY Slip Op 06074)





Liang-Ying Ren v Doe


2019 NY Slip Op 06074


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-07876
 (Index No. 709884/14)

[*1]Liang-Ying Ren, appellant, "
v
John Doe," et al., respondents.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Lawrence Heisler, Brooklyn, NY (Anna J. Ervolina of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), entered April 17, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when she was a passenger on a bus owned and operated by the defendants, "John Doe," Metropolitan Transportation Authority, and New York City Transit Authority. The plaintiff alleged that, as the bus entered an intersection with the green light in its favor, the operator of the bus slammed on the brakes to avoid impact with a fire truck that was approaching the intersection from the operator's left. The plaintiff, who was standing inside the bus, fell.
The plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint based on the applicability of the emergency doctrine. The Supreme Court granted the motion, and the plaintiff appeals.
Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327). As a general rule, the questions of the existence of an emergency and the reasonableness of the response to it are issues for the trier of fact (see Welch v Suffolk Coach, Inc., 162 AD3d 1097).
The evidence proffered in support of the defendants' motion demonstrated, prima facie, that the operator of the bus was presented with an emergency situation, to wit, a fire truck that was entering the intersection against the traffic light, and that the operator acted as a reasonable person would under the circumstances (see Wu Kai Ming v Grossman, 133 AD3d 742, 743; Majid v New York City Tr. Auth., 128 AD3d 648, 649; Eng v MTA Bus Co., 124 AD3d 833, 835). [*2]However, in opposition, the plaintiff noted that the operator testified at her deposition that, as she approached the intersection, she heard a fire truck siren. Although the operator claimed she slowed down prior to reaching the intersection, the plaintiff testified at her deposition that the operator was driving "pretty fast" prior to the accident and that there was no change in speed. The operator's alleged entry into the intersection without slowing down, after hearing sirens approaching the intersection, raised a triable issue of fact as to whether the operator was faced with an emergency situation not of her own making and whether her actions in relation thereto were reasonable (see Freder v Costello Indus., Inc., 162 AD3d 984, 986; Cascio v Metz, 305 AD2d 354, 356).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court