Schwallie v Farnan (2020 NY Slip Op 05316)





Schwallie v Farnan


2020 NY Slip Op 05316


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


178 CA 19-00457

[*1]JEANINE D. SCHWALLIE, PLAINTIFF-APPELLANT,
v
GREGORY T. FARNAN AND KATHLEEN D. FARNAN, DEFENDANTS-RESPONDENTS. 






PAUL J. VACCA, JR., ROCHESTER, FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JOAN M. RICHTER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered September 20, 2018. The order and judgment granted the motion of defendants insofar as it sought summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion insofar as it sought summary judgment dismissing the complaint is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this action against defendants to recover damages for injuries that she sustained in a motor vehicle collision. Gregory T. Farnan (defendant) was operating a vehicle owned by defendant Kathleen D. Farnan on Greenleaf Road near the Lake Ontario State Parkway (Parkway). A white van that was exiting the Parkway proceeded to the stop sign where the off-ramp intersects with Greenleaf Road and then made a sudden left-hand turn in front of the vehicle that defendant was operating. Defendant tried to avoid the van by braking and swerving to the right. In doing so, he maneuvered his vehicle the wrong way onto the off-ramp, where it collided with the driver's side of the vehicle operated by plaintiff. We agree with plaintiff that Supreme Court erred in granting defendants' motion insofar as it sought summary judgment dismissing the complaint based on an application of the emergency doctrine.
"In general, the issues whether a qualifying emergency existed and whether the driver's response thereto was reasonable are for the trier of fact" (White v Connors, 177 AD3d 1250, 1252 [4th Dept 2019]; see Chwojdak v Schunk, 164 AD3d 1630, 1631 [4th Dept 2018]), and this case is no exception to the general rule. Even assuming, arguendo, that defendant was faced with a qualifying sudden and unexpected emergency, we conclude that defendants failed to meet their initial burden on the motion of establishing that defendant's conduct was appropriate under the circumstances (see White, 177 AD3d at 1253; Levy v Braman Motorcars, 119 AD3d 530, 531 [2d Dept 2014]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court