■ MICHAEL REID et al., Respondents, v CATHY LICHINCHI et al., Appellants. [628 NYS2d 129] —In an action to recover damages, *inter alia,* for personal injuries, the defendant Cathy Lichinchi appeals (1) from so much of an order of the Supreme Court, Nassau County (Rossetti, J.), dated August 12, 1993, as, upon reargument, granted that branch of the motion of the defendant United Parcel Service which was to set aside the jury verdict finding her not at fault in the happening of the accident and directing a retrial and (2) from so much of a resettled order of the same court dated December 6, 1993, as granted the same relief, and the defendant United Parcel Service separately appeals (1) from so much of the same order as, upon setting aside the jury verdict finding it 100% at fault in the happening of the accident, failed to dismiss the complaint insofar as it is asserted against it and (2) from so much of the resettled order as granted the same relief. Justice Bracken has been substituted for the late Justice Lawrence (22 NYCRR 670.1 [c]).

Ordered that the appeal and cross-appeal from the order dated August 12, 1993, are dismissed, as that order was superseded by the resettled order dated December 6, 1993; and it is further,

Ordered that the resettled order is modified, on the law and the facts, by (1) deleting the provision thereof which granted the branch of the motion of the defendant United Parcel Service which was to set aside the jury verdict in favor of the defendant Lichinchi and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof which denied the branch of the motion of

the defendant United Parcel Service which was to dismiss the complaint insofar as it is asserted against it and directed a new trial and substituting therefor a provision granting that branch of the motion; as so modified, the resettled order is affirmed and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment dismissing the complaint against both defendants; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

Following the jury's verdict finding the defendant United Parcel Service (hereinafter UPS) 100% at fault for the instant motor vehicle accident, the Supreme Court granted the motion of UPS to set aside the verdict on the issue of liability to the extent of ordering a trial de novo as to all parties. The Supreme Court reasoned that it had erred in instructing the jury that UPS had been negligent as a matter of law when its driver parked one of its trucks at a curb governed by no parking signs.

On this appeal, the defendant Cathy Lichinchi argues that the jury's verdict finding that she was not at fault in the happening of the accident should not have been set aside, while UPS argues that it was not negligent as a matter of law. We agree with the arguments of both the defendants.

Neither the plaintiffs nor the defendant Lichinchi has challenged the propriety of the trial court's decision to set aside the verdict against UPS. Moreover, they have not challenged the correctness of the trial court's ruling that the no parking signs at issue contemplate an exception for vehicles stopped "temporarily for the purpose of and while actually engaged in loading or unloading merchandise or passengers" (see, e.g., Vehicle and Traffic Law §§ 100, 129, 1200 [c], [d]).

The infant plaintiff's mother, the plaintiff Deborah Reid, testified that she saw the UPS truck driver holding a clipboard and delivering a small package to her neighbor immediately after the accident. Thus, so far as the record discloses, the UPS truck was lawfully stopped while the driver was actually engaged in delivering merchandise at the time the accident occurred. There is, therefore, no ground upon which UPS may be deemed negligent and, under these circumstances, a retrial is not warranted.

We conclude that the jury's verdict finding the defendant Lichinchi not at fault in the happening of the accident is supported by a fair interpretation of the evidence and should

not be set aside *(see, e.g., Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643; *Kimberly-Clark Corp. v Power Auth.,* 35 AD2d 330). The trial court properly charged the emergency doctrine with respect to the defendant Lichinchi, and the jury justifiably found that the motorist had acted reasonably in the emergency created when the infant plaintiff darted out on his bicycle from around the parked UPS truck and collided with her slowly moving vehicle.

Accordingly, the complaint as against both defendants is dismissed. Bracken, J. P., Santucci, Friedmann and Florio, JJ., concur.