■ JOCELYN MAYARD, Appellant, v WHEELS, INC., et al., Respondents, et al., Defendants. [894 NYS2d 475]—

On the afternoon of May 11, 2006, an unidentified motor vehicle traveling on the eastbound roadway of the Nassau Expressway in Queens struck a motor vehicle owned by the defendant William Shishko and operated by his son, the defendant C. W. Shishko, causing the Shishko vehicle to "ping pong" from the left lane of the eastbound roadway into the center guardrail. The Shishko vehicle then traveled across all three lanes of the eastbound roadway, striking the driver's side of a minivan owned by the defendant Wheels, Inc., and being operated by the defendant Malcolm E. McKenzie in the course of his employment with the defendant Laboratory Corporation of America. As a result, the minivan flipped onto its passenger side, causing the plaintiff, a front-seat passenger in the vehicle, to sustain various personal injuries.

After joinder of issue, Wheels Inc., Laboratory Corporation of America, and McKenzie (hereinafter collectively the Wheels defendants) cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them.

Under these circumstances, where McKenzie was faced with a sudden and unexpected circumstance, not of his own making, under any view of the evidence, the emergency doctrine applied (*see Jones v Geoghan*, 61 AD3d 638 [2009]). The Wheels defendants met their burden of establishing that McKenzie was not liable for the collision involving his minivan and the Shishko vehicle (*see Marsch v Catanzaro*, 40 AD3d 941 [2007]). A driver is not obligated to anticipate that a vehicle, upon being struck by another vehicle, will then hit a guardrail and subsequently bounce across several lanes of traffic (*id.* at 942). The plaintiff's speculation that inattentiveness on the part of McKenzie caused the collision, or that he might have been able to take measures to avoid the contact with the Shishko vehicle, was insufficient to defeat that branch of the Wheels defendants' cross motion which was for summary judgment. The evidence establishes that, even if McKenzie were inattentive, this was not the cause of the accident, as there would have been insufficient time for him to avoid the accident (*id.*). Accordingly, the Supreme Court

properly awarded the Wheels defendants summary judgment dismissing the complaint insofar as asserted against them. Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.