■ MICHAEL L. BONFORTE et al., Appellants, v M.K.'s LANDSCAPING OF LIBERTY, LLC et al., Respondents, et al., Defendant. [15 NYS3d 850]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Greco, Jr., J.), dated July 18, 2013, as granted that branch of the motion of the defendants M.K.'s Landscaping of Liberty, LLC, and Joseph D. Finkle which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Michael L. Bonforte (hereinafter the injured plaintiff) allegedly was injured when a sport utility vehicle (hereinafter SUV) in which he was a passenger was struck by a tractor trailer, collided with a guardrail, and went over an embankment. The tractor trailer was owned by the defendant M.K.'s Landscaping of Liberty, LLC, and operated by the defendant Joseph D. Finkle (hereinafter together the defendants). The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries. In the order appealed from, the Supreme Court, inter

alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs appeal from that portion of the order, and we affirm insofar as appealed from.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. In support of their motion, the defendants submitted evidence demonstrating that Finkle was confronted with a sudden and unexpected circumstance not of his own making and that, under the circumstances, his actions were reasonable and prudent in response to the emergency. " '[T]he emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency' " (*Pacelli v Intruck Leasing Corp.*, 128 AD3d 921, 924 [2015], quoting *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]). "Although the existence of an emergency and the reasonableness of the response to it generally present issues of fact, those issues 'may in appropriate circumstances be determined as a matter of law' " (*Vitale v Levine*, 44 AD3d 935, 936 [2007] [citation omitted], quoting *Bello v Transit Auth. of N.Y. City*, 12 AD3d at 60).

Here, in support of their motion, the defendants submitted the transcripts of the deposition testimony of Finkle, the injured plaintiff, and a nonparty witness. This testimony established that the SUV had been traveling behind the tractor trailer, in the same lane. The tractor trailer, with its full load of gravel in the 28-foot long attached dump trailer, weighed 102,000 pounds. The SUV moved into the lane to the left of the tractor trailer, passed the tractor trailer, and attempted to move back into the lane of the tractor trailer in order to access an exit ramp on the right. Finkle testified that he first saw the SUV as a "blur" to his left and three seconds later, despite slamming on his brakes, the tractor trailer made contact with the SUV when the SUV attempted to move into his lane. The nonparty witness testified that the SUV suddenly crossed in front of the tractor trailer, creating a "risky" situation in which an accident was "imminent." This evidence was sufficient to establish, prima facie, that Finkle was confronted with a sudden and unexpected circumstance not of his own making and that, under the circumstances, his actions were reasonable and prudent (*see Tarnavska v Manhattan & Bronx*

*Surface Tr. Operating Auth.*, 106 AD3d 1079 [2013]; *Miloscia v New York City Bd. of Educ.*, 70 AD3d 904 [2010]).

In opposition, the plaintiffs' speculative and conclusory assertions that inattentiveness on the part of Finkle partly caused the collision, or that Finkle was able to take further measures to avoid the accident, failed to raise a triable issue of fact. "A person in such an emergency situation 'cannot reasonably be held to the same accuracy of judgment or conduct as one who has had full opportunity to reflect, even though it later appears that the actor made the wrong decision'" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991], quoting Prosser & Keeton, Torts § 33 at 196 [5th ed 1984]). In any event, the evidence established that, even if Finkle were inattentive, this was not the cause of the accident, as there would have been insufficient time for him to avoid the accident (*see Mayard v Wheels, Inc.*, 69 AD3d 907 [2010]). The affidavit of the plaintiffs' accident reconstruction expert was conclusory and speculative and, hence, insufficient to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them (*see Flores v Metropolitan Transp. Auth., Long Is. Bus*, 122 AD3d 672 [2014]; *Marri v New York City Tr. Auth.*, 106 AD3d 699 [2013]; *Gonzalez v New York City Tr. Auth.*, 78 AD3d 1120 [2010]). Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.