Rahman v Montesdeoca (2020 NY Slip Op 04499)





Rahman v Montesdeoca


2020 NY Slip Op 04499


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-04504
 (Index No. 701073/17)

[*1]Azadur Rahman, respondent, 
v
Galo G. Montesdeoca, appellant, et al., defendants.


Gallo Vitucci Klar LLP, Woodbury, NY (Anne M. Garcia of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Galo G. Montesdeoca appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered October 23, 2017. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff allegedly was injured when he was involved in a multivehicle accident in Manhattan. The plaintiff's vehicle allegedly was struck from behind by a vehicle owned and operated by the defendant Galo G. Montesdeoca as both vehicles were coming to a stop. Montesdeoca's vehicle was struck from behind by a vehicle owned by the defendant Zeisel Hacking Corp.
In January 2017, the plaintiff commenced this action. In late April 2017, Montesdeoca interposed an answer. In June 2017, prior to discovery, Montesdeoca moved for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff opposed the motion, arguing, among other things, that triable issues of fact existed regarding, inter alia, the speed of Montesdeoca's vehicle immediately preceding the accident. The plaintiff also contended that Montesdeoca, by moving for summary judgment in advance of depositions, was attempting, in effect, to limit the facts to those asserted in his affidavit.
The conflicting affidavits of the plaintiff and Montesdeoca demonstrated the existence of triable issues of fact (see Duvalsaint v Yupe-Garcia, 169 AD3d 864). Accordingly, we agree with the Supreme Court's determination to deny Montesdeoca's motion for summary judgment dismissing the complaint insofar as asserted against him (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court