Matzen v Armstrong (2021 NY Slip Op 00306)





Matzen v Armstrong


2021 NY Slip Op 00306


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-02535
 (Index No. 619554/18)

[*1]Douglas Matzen, et al., appellants, 
v
Shawn Armstrong, et al., respondents.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated February 13, 2019. The order denied the plaintiffs' motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, without costs or disbursements.
On June 18, 2018, a vehicle operated by the plaintiff Douglas Matzen (hereinafter the injured plaintiff) was struck in the rear by a vehicle operated by the defendant Shawn Armstrong (hereinafter the defendant driver) and owned by the defendant J. Kings Food Service Professionals, Inc., in the center eastbound lane of the Long Island Expressway near Exit 39. The injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the defendants. The plaintiffs subsequently moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiffs appeal.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Lopez v Dobbins, 164 AD3d 776, 777). "A nonnegligent explanation may include that a plaintiff made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly" (Fajardo v City of New York, 95 AD3d 820, 821; see Cruz v Valentine Packaging Corp., 167 AD3d 707, 708).
Here, in support of their motion, the plaintiffs submitted an affidavit of the injured plaintiff wherein he averred that the vehicle that he was operating was stopped in traffic for three or four seconds when it was struck in the rear by the defendants' vehicle. Thus, the plaintiffs established, prima facie, that the defendant driver's negligence was a proximate cause of the accident (see Morgan v Flippen, 173 AD3d 735, 736; Miller v Steinberg, 164 AD3d 492, 493; Finney v Morton, 127 AD3d 1134; Sayyed v Murray, 109 AD3d 464).
In opposition, however, the defendants submitted the affidavit of the defendant driver, wherein he averred that the injured plaintiff's vehicle suddenly changed lanes without signaling, cutting in front of the defendants' vehicle. The defendants thereby raised a triable issue of fact as to whether the defendant driver had a nonnegligent explanation for striking the rear of the injured [*2]plaintiff's vehicle (see Cruz v Valentine Packaging Corp., 167 AD3d at 708; Reitz v Seagate Trucking, Inc., 71 AD3d 975, 976; Rozengauz v Lok Wing Ha, 280 AD2d 534, 535).
Accordingly, we agree with the Supreme Court's determination denying the plaintiffs' motion for summary judgment on the issue of liability.
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court