Chan Pok Kim v Jurado (2022 NY Slip Op 01287)





Chan Pok Kim v Jurado


2022 NY Slip Op 01287


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2019-03207
 (Index No. 18638/11)

[*1]Chan Pok Kim, et al., appellants,
v
Manuel J. Jurado, et al., respondents.


Fellows Hymowitz, P.C., New City, NY (Steven R. Hymowitz, Beth S. Gereg, and Michael H. Zhu of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Kristen A. Carroll and Nicholas Hurzeler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 18, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The injured plaintiff allegedly sustained personal injuries when, as a passenger in an ambulette that was owned by the defendant Christian Ambulette, Inc., and operated by the defendant Manuel J. Jurado, that ambulette was struck by an unidentified second vehicle while traveling on the Brooklyn Queens Expressway in Queens. The injured plaintiff, and her husband suing derivatively, commenced the instant action, inter alia, to recover damages for personal injuries. After discovery was completed, the defendants moved for summary judgment dismissing the complaint on the grounds that they were not at fault in the happening of the accident and that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the defendants' motion on the ground that they were not at fault in the happening of the accident. The plaintiffs appeal.
A "defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Aponte v Vani, 155 AD3d 929, 930 [internal quotation marks omitted]; see Gaudio v City of New York, 189 AD3d 1546, 1547-1548; Gobin v Delgado, 142 AD3d 1134, 1135; Estate of Cook v Gomez, 138 AD3d 675; Baulete v L & N Car Serv., Inc., 134 AD3d 753; see also Boulos v Lerner-Harrington, 124 AD3d 709, 709). "There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427, 427; see Jones v Vialva-Duke, 106 AD3d 1052), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974; Riccio v Kid Fit, Inc., 126 AD3d 873; Scala v Scala, 31 AD3d 423, 424).
Here, in support of their motion, the defendants relied on, inter alia, the deposition transcripts of the injured plaintiff and Jurado. That evidence, viewed in the light most favorable to [*2]the plaintiffs (see Stukas v Streiter, 83 AD3d 18), established, prima facie, that the defendants were not at fault in the happening of the accident (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Pilgrim v Campoverde-Bravo, 175 AD3d 1333, 1334). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Jurado was at fault in the happening of the accident (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 851). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint on the ground that they were not at fault in the happening of the accident.
In light of our determination we need not address the defendants' remaining contention.
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court