Garcia v Cotzomi (2022 NY Slip Op 03500)





Garcia v Cotzomi


2022 NY Slip Op 03500


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2020-09428
 (Index No. 528064/19)

[*1]Andriana M. Garcia, appellant,
v
Gregorio Cotzomi, respondent.


William Pager, Brooklyn, NY, for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated December 2, 2020. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Pollet v Charyn, 200 AD3d 728). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of her affidavit, wherein she stated that she was stopped at a red light when her vehicle was struck in the rear by the defendant's vehicle.
However, contrary to the plaintiff's contention, the Supreme Court correctly determined that the defendant's affidavit submitted in opposition raised a triable issue of fact (see Rahman v Montesdeoca, 186 AD3d 631; Wynter v City of New York, 173 AD3d 1122, 1123-1124).
The parties' remaining contentions either are without merit or need not be reached light of our determination.
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court