Hernandez v Brayer (2022 NY Slip Op 04953)

Hernandez v Brayer

2022 NY Slip Op 04953

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-11174
 (Index No. 509098/14)

[*1]Michael Hernandez, appellant, 
v
Yoel Brayer, et al., respondents.

Paris & Chaikin, PLLC (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Jennifer S. Adams, Yonkers, NY (Richard C. Ertel of counsel), for respondent Yoel Brayer.
Smith Mazure, P.C., New York, NY (Louise M. Cherkis and Jacob Jay Young of counsel), for respondent Rafael Melendez.
Havkins Rosenfeld Ritzert, LLP, Mineola, NY (Gail L. Ritzert of counsel), for
respondents Andres Palm Hiroito II and Doe Fund, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated September 5, 2019. The order, insofar as appealed from, granted the separate motions of the defendant Yoel Brayer, the defendant Rafael Melendez, and the defendants Andres Palm Hiroito II and Doe Fund, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them, and denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendants Andres Palm Hiroito II and Doe Fund, Inc.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Yoel Brayer for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefore a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Yoel Brayer, and one bill of costs to the defendant Rafael Melendez and the defendants Andres Palm Hiroito II and Doe Fund, Inc, appearing separately and filing separate briefs, payable by the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident involving three vehicles. The plaintiff was a passenger in the rear-most vehicle, which was owned by his employer, the defendant Doe Fund, Inc. (hereinafter Doe), and operated by his co-employee, the defendant Andres Palm Hiroito II, when it struck a vehicle which was also owned by Doe, and which was operated by the plaintiff's co-employee, the defendant Rafael Melendez. There is conflicting evidence as to whether the vehicle operated by Melendez struck the lead vehicle, which was leased and operated by the defendant Yoel Brayer.
The Supreme Court erred in granting Brayer's motion for summary judgment dismissing the complaint insofar as asserted against him. Brayer, as the lessee and operator of the lead vehicle, demonstrated his prima facie entitlement to judgment as a matter of law by submitting his deposition testimony in which he testified that, as he was driving in the center northbound lane on the FDR Drive, his vehicle was struck in the rear by the vehicle operated by Melendez (see Brothers v Bartling, 130 AD3d 554, 556; Gutierrez v Trillium USA, LLC, 111 AD3d 669, 671). However, in opposition to the motion, both the plaintiff and Melendez raised a triable issue of fact as to whether Brayer was at fault for the accident by submitting Melendez's deposition testimony in which he testified that Brayer abruptly cut him off, requiring him to brake hard in an attempt to avoid hitting Brayer's vehicle (see Matzen v Armstrong, 190 AD3d 848, 849; Pinilla v New York Tr. Auth., 122 AD3d 703).
However, the Supreme Court properly granted the separate motions of Melendez, and Hiroito and Doe, for summary judgment dismissing the complaint insofar as asserted against each of them, based on the exclusivity provision of the Workers' Compensation Law (see Workers' Compensation Law § 29[6]; Matter of Holcomb v Daily News, 45 NY2d 602, 606-607; Constantine v Sperry Corp., 149 AD2d 394).
The plaintiff's remaining contention is academic in light of our determination.
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court