Martin v PTM Mgt. Corp. (2023 NY Slip Op 01285)

Martin v PTM Mgt. Corp.

2023 NY Slip Op 01285

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-07563
 (Index No. 501108/19)

[*1]John H. Martin, plaintiff, 
v
PTM Management Corp., et al., appellants, et al., defendant.

Zaklukiewicz, Puzo & Morrissey, LLP, Islip Terrace, NY (Judith S. Pluviose of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants PTM Management Corp. and Clifton E. Murrel appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated September 25, 2020. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the motion of the defendants PTM Management Corp. and Clifton E. Murrel which was for summary judgment dismissing the complaint insofar as asserted against them is granted.
The parties were involved in a three-vehicle, chain-collision accident. The plaintiff, who operated the middle vehicle, commenced this action to recover damages for personal injuries against the defendant Nicole Acevedo, the operator of the lead vehicle, the defendant PTM Management Corp. (hereinafter PTM), the owner of the rearmost vehicle, and the defendant Clifton E. Murrel, the operator of the rearmost vehicle. PTM and Murrel (hereinafter together the PTM defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff did not oppose the motion. The Supreme Court denied that branch of the PTM defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the PTM defendants appeal.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Matzen v Armstrong, 190 AD3d 848, 849). "'A nonnegligent explanation may include that a vehicle made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly'" (Flood v Fillas, 190 AD3d 828, 829, quoting Cruz v Valentine Packaging Corp., 167 AD3d 707, 708; see Hernandez v Brayer, 208 AD3d 642, 643). Additionally, "the emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency" (Bello v Transit Auth. of N.Y. City, 12 [*2]AD3d 58, 60; see Rivera v New York City Tr. Auth., 77 NY2d 322, 327; Bonforte v M.K.'s Landscaping of Liberty, LLC, 131 AD3d 910, 911).
Here, in support of their motion, the PTM defendants submitted an affidavit from Murrel, which demonstrated, prima facie, that he had a nonnegligent explanation for striking the rear of the plaintiff's vehicle and that he acted reasonably when he was faced with an emergency situation not of his own making (see Hernandez v Brayer, 208 AD3d at 643; Flood v Fillas, 190 AD3d at 829; Bonforte v M.K.'s Landscaping of Liberty, LLC, 131 AD3d at 911; Garcia v Stewart, 120 AD3d 1298, 1299; Miloscia v New York City Bd. of Educ.,70 AD3d 904, 905). According to Murrel, prior to the accident, he was operating his vehicle behind Acevedo's vehicle at a reasonable and safe distance. The plaintiff's vehicle, suddenly and without warning, cut in front of Murrel's vehicle and, seconds later, struck the rear of Acevedo's vehicle and then came to a sudden stop. Due to traffic conditions, Murrel could not safely change lanes, and although he applied the brakes, he could not avoid colliding with the plaintiff's vehicle.
Accordingly, the Supreme Court should have granted that branch of the PTM defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court