Bello v Masters Auto Collision of Long Is., Inc. (2023 NY Slip Op 02489)

Bello v Masters Auto Collision of Long Is., Inc.

2023 NY Slip Op 02489

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-04728
 (Index No. 508763/19)

[*1]Hector Bello, appellant, 
v
Masters Auto Collision of Long Island, Inc., et al., respondents, et al., defendants.

The Rosato Firm, P.C., New York, NY (Paul A. Marber and Joseph S. Rosato of counsel), for appellant.
Galvano & Xanthakis, P.C., Staten Island, NY (Matthew Kelly of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 10, 2021. The order granted the motion of the defendants Masters Auto Collision of Long Island, Inc., and Gabriel Mendez for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On November 6, 2018, a vehicle owned by the defendant Grease Monkeys of NY, Inc., and operated by the defendant Fred Alcantar, in which the plaintiff was a passenger, allegedly struck the rear of a vehicle owned by the defendant Masters Auto Collision of Long Island, Inc. (hereinafter Masters Auto), and operated by the defendant Gabriel Mendez. The plaintiff commenced this personal injury action against the defendants, alleging, inter alia, that Masters Auto and Mendez were negligent in their ownership and operation of their vehicle. Masters Auto and Mendez moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated June 10, 2021, the Supreme Court granted the motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see McPhaul-Guerrier v Leppla, 201 AD3d 920, 921; Richardson v Cablevision Sys. Corp., 173 AD3d 1083). A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle (see Vehicle and Traffic Law § 1129[a]; Genao v Cassetta, ___ AD3d ___, 2023 NY Slip Op 01078 [2d Dept]; Quintanilla v Mark, 210 AD3d 713, 713; Comas-Bourne v City of New York, 146 AD3d 855). "Thus, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Genao v Cassetta, ___ AD3d at ___, 2023 NY Slip Op 01078, *1 [internal quotation marks omitted]; see Tutrani v County of Suffolk, 10 NY3d 906, 908; Martin v PTM Mgt. Corp., ___ AD3d ___, 2023 NY Slip Op 01285 [2d Dept]; Quintanilla v Mark, 210 AD3d at 713).
Here, Masters Auto and Mendez established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that their vehicle was struck in the rear when it was stopped in traffic, and that Mendez was not at fault in the happening of the accident (see Kelly v Shin, 171 AD3d 905; Graham v Courtesy Transp. Servs., Inc., 145 AD3d 966, 967; Cortese v Pobejimov, 136 AD3d 635, 636). In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff's version of the events leading up to the rear-end collision, as set forth in his deposition testimony, differed slightly from the version provided by Mendez at his deposition, the plaintiff's testimony demonstrated that Alcantar's failure to maintain a reasonably safe distance between his vehicle and the vehicle operated by Mendez was the sole proximate cause of the accident (see Kelly v Shin, 171 AD3d at 905-906). Contrary to the plaintiff's contention, his claim that he did not see brake lights on the vehicle operated by Mendez prior to the collision, standing alone, was insufficient to raise a triable issue of fact as to whether an alleged malfunction of the brake lights on Mendez's vehicle proximately caused the accident (see Quintanilla v Mark, 210 AD3d at 714; Bene v Dalessio, 135 AD3d 679, 680; Cortes v Whelan, 83 AD3d 763).
Accordingly, the Supreme Court properly granted the motion of Masters Auto and Mendez for summary judgment dismissing the complaint insofar as asserted against them.
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court