Gibbs v Van Arsdale (2024 NY Slip Op 06582)

Gibbs v Van Arsdale

2024 NY Slip Op 06582

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-00122
 (Index No. 717177/18)

[*1]Mark Alan Gibbs, plaintiff, 
v
Lance Harry Van Arsdale, defendant third-party plaintiff-appellant; Robert and Ann Elsasser, Inc., third-party defendant-respondent, et al., third-party defendant.

Collins, Fitzpatrick & Schoene, LLP (Lewis Johs Avallone Aviles, LLP, Islandia, NY [Caroline K. Hock], of counsel), for defendant third-party plaintiff-appellant.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim and Gerard Ferrara of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, and a third-party action for contribution, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered December 23, 2021. The order, insofar as appealed from, granted that branch of the motion of the third-party defendant Robert and Ann Elsasser, Inc., which was for summary judgment dismissing the third-party complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when, while attempting to cross a street on foot, he was struck by a vehicle operated by the defendant third-party plaintiff, Lance Harry Van Arsdale. Van Arsdale commenced a third-party action for contribution against Robert and Ann Elsasser, Inc. (hereinafter Elsasser), and another, alleging that, at the time and location of the accident, a delivery truck owned by Elsasser was negligently parked in violation of "New York City Rules." Elsasser moved, inter alia, for summary judgment dismissing the third-party complaint insofar as asserted against it. By order entered December 23, 2021, the Supreme Court, among other things, granted that branch of Elsasser's motion. Van Arsdale appeals, and we affirm.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Kante v Tong Fei Chen, 176 AD3d 928, 929 [internal quotation marks omitted]; see Bello v Masters Auto Collision of Long Is., Inc., 216 AD3d 726, 727). Here, Elsasser demonstrated, prima facie, that the delivery truck driver complied with 34 RCNY 4-08(f)(1), which permits a commercial vehicle to temporarily double park to unload goods for delivery under certain circumstances, and that the delivery truck was not otherwise negligently parked (see id.; Reid v Lichinchi, 215 AD2d 639, 640). In opposition, Van Arsdale failed to raise a triable issue of fact (see Reeves v Wilson, 214 AD3d 1013, 1014).
Van Arsdale's remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of Elsasser's motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it.
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court