Sherman v Edwards (2025 NY Slip Op 05713)

Sherman v Edwards

2025 NY Slip Op 05713

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-04062
 (Index No. 503833/22)

[*1]Maria Sherman, et al., plaintiffs-appellants,
v
Maxel Edwards, etc., et al., respondents, Cheung-Wor Ha, appellant-respondent.

James G. Bilello, Westbury, NY (Martha E. Donovan of counsel), for appellant-respondent.
Goldberg, Miller & Rubin, P.C., New York, NY (Warren Holland and Jehovenn Honculada of counsel), for respondent Maxel Edwards.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Cheung-Wor Ha appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Caroline Piela-Cohen, J.), dated March 21, 2024. The order, insofar as appealed from, denied the motion of the defendant Cheung-Wor Ha for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him. The cross-appeal was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Cheung-Wor Ha for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him is granted.
The plaintiffs allegedly sustained personal injuries in a three-car motor vehicle accident that occurred on the Brooklyn-Queens Expressway (hereinafter BQE). The plaintiffs were in the lead vehicle. Their vehicle was followed by a vehicle operated by the defendant Cheung-Wor Ha (hereinafter the appellant). The appellant's vehicle was followed by a vehicle owned by the defendant Dykes Lumber Company, Inc. (hereinafter Dykes), and operated by its employee, the defendant Maxel Edwards. The three vehicles were traveling eastbound on the BQE when the vehicle operated by Edwards came into contact with the rear of the appellant's vehicle, causing the appellant's vehicle to come into contact with the rear of the plaintiffs' vehicle.
The plaintiffs commenced this action to recover damages for personal injuries against the appellant, as well as Dykes and Edwards (hereinafter together the respondents). The appellant subsequently moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him. The respondents, but not the plaintiffs, opposed the appellant's motion. In an order dated March 21, 2024, the Supreme Court, inter alia, denied the appellant's motion. This appeal ensued.
"A 'defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" [*2](Chan Pok Kim v Jurado, 203 AD3d 694, 695, quoting Aponte v Vani, 155 AD3d 929, 930; see McPhaul-Guerrier v Leppla, 201 AD3d 920, 922; Boulos v Lerner-Harrington, 124 AD3d 709, 709). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (Sougstad v Capuano, 215 AD3d 776, 777; see Tutrani v County of Suffolk, 10 NY3d 906, 908; Bello v Masters Auto Collision of Long Is., Inc., 216 AD3d 726, 727; McPhaul-Guerrier v Leppla, 201 AD3d at 922). "'Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation for the collision'" (McPhaul-Guerrier v Leppla, 201 AD3d at 922, quoting Daniel v Ian-Michael, 188 AD3d 1155, 1156; see Sougstad v Capuano, 215 AD3d at 777). The operator of the middle vehicle in a three-vehicle chain-collision accident may establish prima facie entitlement to judgment as a matter of law by demonstrating that the middle vehicle was stopped or safely slowing down to a stop behind the lead vehicle when it was struck from behind by the rear vehicle and propelled into the lead vehicle (see McPhaul-Guerrier v Leppla, 201 AD3d at 922).
Here, the appellant submitted evidence that demonstrated that his vehicle was struck in the rear by the respondents' vehicle while his foot was on the brake and he was in the process of slowing down. Since the appellant was in the process of safely slowing down to a stop behind the plaintiffs' vehicle, which was at a stop, when his vehicle was struck from behind, he established his prima facie entitlement to judgment as a matter of law (see id.). In opposition, the respondents failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court