Annarumma v Tola (2025 NY Slip Op 07267)

Annarumma v Tola

2025 NY Slip Op 07267

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-10178
 (Index No. 150117/22)

[*1]Thomas D. Annarumma, appellant, 
vVullnet Tola, et al., defendants, Dmitriy Miretskiy, et al., respondents.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross Friscia], of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Paul Marrone, Jr., J.), dated September 14, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Dmitriy Miretskiy and Ilya Miretskiy which was for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Dmitriy Miretskiy and Ilya Miretskiy which was for summary judgment dismissing the amended complaint insofar as asserted against them is denied.
In January 2022, the plaintiff allegedly sustained injuries as a result of a multi-vehicle collision that occurred in Staten Island. The plaintiff, the operator of one of the vehicles involved in the collision, was stopped at a stop sign when a vehicle owned and operated by the defendant Vullnet Tola struck his vehicle in the rear. A vehicle owned by the defendant Ilya Miretskiy and operated by the defendant Dmitriy Miretskiy (hereinafter together with Ilya, the Miretskiys) then either struck Tola's vehicle in the rear, propelling it forward into the plaintiff's vehicle for a second impact, or directly struck the plaintiff's vehicle in the rear.
In January 2022, the plaintiff commenced this action against Tola, among others, to recover damages for personal injuries he allegedly sustained in the collision. The plaintiff thereafter filed an amended complaint, which added the Miretskiys as defendants. In July 2023, the Miretskiys moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them. By order dated September 14, 2023, the Supreme Court, among other things, granted that branch of the Miretskiys' motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Francois v Baez-Mieses, 216 AD3d 1138, 1139 [internal quotation marks omitted]). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Sroor [*2]v Marziano-Fontana, 229 AD3d 581, 582 [internal quotation marks omitted]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Martin v PTM Mgt. Corp., 214 AD3d 782, 782-783). "A nonnegligent explanation may include a mechanical failure, a sudden, unexplained stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause" (Donnellan v LaMarche, 221 AD3d 783, 784 [internal quotation marks omitted]).
The emergency doctrine provides "that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation[,] or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Caristo v Sanzone, 96 NY2d 172, 174 [internal quotation marks omitted]; see Martin v PTM Mgt. Corp., 214 AD3d at 783). "The doctrine recognizes that a person confronted with such an emergency situation cannot reasonably be held to the same accuracy of judgment or conduct as one who has had full opportunity to reflect, even though it later appears that the actor made the wrong decision" (Lifson v City of Syracuse, 17 NY3d 492, 497 [internal quotation marks omitted]). "However, the emergency doctrine does not apply where the party seeking to invoke it created or contributed to the emergency" (Donnellan v LaMarche, 221 AD3d at 784 [internal quotation marks omitted]). "Summary judgment may be granted . . . when a party presents sufficient evidence demonstrating the existence of an emergency, as well as the reasonableness of the actor's response to it" (Kinard v New York City Tr. Auth., 233 AD3d 665, 666 [internal quotation marks omitted]; see Bernot v Reid, 227 AD3d 1043, 1045). Nonetheless, "[b]oth the existence of an emergency and the reasonableness of a party's response thereto will ordinarily present questions of fact" (Williams v City of New York, 88 AD3d 989, 990).
Here, contrary to the Miretskiys' contention, they failed to establish their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them, as their own submissions did not eliminate triable issues of fact as to whether the emergency doctrine applied or whether Dmitriy operated the Miretskiys' vehicle with reasonable care under the circumstances (see Bailey v Penndot Ean Holdings, LLC, 174 AD3d 844, 844; cf. Martin v PTM Mgt. Corp., 214 AD3d at 783). In support of their motion, the Miretskiys submitted, inter alia, the transcripts of the deposition testimony of Dmitriy, the plaintiff, and Tola. At his deposition, the plaintiff repeatedly testified that the "roads were icy" on the date of the collision, which was sufficient, under the circumstances presented, to create an issue of fact as to whether the ice condition that the Miretskiys' vehicle purportedly skidded on was "sudden and unforeseen" (Caristo v Sanzone, 96 NY2d at 175; see Bing Bing Chen v S & F Travel, Inc., 219 AD3d 1477, 1478-1479; Mughal v Rajput, 106 AD3d 886, 888). Moreover, Dmitriy testified that, after impacting Tola's vehicle, the Miretskiys' vehicle "ricochet[ed] into a stop sign on the left side of the road" and knocked it down. Dmitriy also stated that he only observed Tola's vehicle, which was in a stopped position, for the first time when he was approximately two to three car lengths behind it. Tola testified that the impact to the rear of his vehicle by the Miretskiys' vehicle pushed it forward into the plaintiff's vehicle. This testimony from Dmitriy and Tola was sufficient to create triable issues of fact as to whether Dmitriy was driving at an excessive rate of speed under the prevailing conditions (see Chang-Hoon Lee v Kew Gardens Sung Shin Refm. Church of N.Y., 84 AD3d 1299, 1299-1300; O'Banner v County of Sullivan, 16 AD3d 950, 952; cf. Morante v Blaney, 234 AD3d 679, 681) and as to whether he otherwise "exercised reasonable care under the conditions presented" (Rogers v Consolidated Edison Co. of N.Y., Inc., 223 AD3d 689, 691; see Mughal v Rajput, 106 AD3d at 888). Since the Miretskiys failed to meet their prima facie burden to eliminate triable issues of fact as to whether they had "a nonnegligent explanation for" the collision that "rebut[ted] the presumption of negligence which arises from a rear-end collision," they failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them (Landsman v Seyton, 95 AD3d 835, 836; cf. Martin v PTM Mgt. Corp., 214 AD3d at 783).
Accordingly, the Supreme Court should have denied that branch of the Miretskiys' motion which was for summary judgment dismissing the amended complaint insofar as asserted [*3]against them.
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court